IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:25-cv-12170 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EDWARD J. O'CONNELL, ) | |
| RITA P. COLUCCI, ) | |
| CHASE HOME FINANCE, LLC, ) | |
| CONNECTICUT ATTORNEYS ) | |
|    TITLE INSURANCE COMPANY, ) | |
| WATERFRONT CAPITAL, LLC, ) | |
| CITY OF MELROSE, MASSACHUSETTS, ) | |
|    ASSESSMENT DEPARTMENT, and ) | |
| MASSACHUSETTS DEPARTMENT OF ) | |
|    REVENUE, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action to enforce its federal tax liens securing the unpaid federal tax assessments of Edward J. O' Connell against certain real property owned by him and Rita P. Colucci and which property is located in Melrose, Massachusetts. For its Complaint, the United States alleges as follows:

JURISDICTION, PARTIES, and PROPERTY

1. This Court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant, Edward J. O'Connell ("O'Connell"), resides in Middlesex County, Massachusetts, within the jurisdiction of this Court. O'Connell is a co-owner of the real property

described below.

3. The defendant Rita P. Colucci ("Colucci"), wife of O'Connell, resides in Middlesex County, Massachusetts, within the jurisdiction of this Court. Colucci is named as a party because she is a co-owner of the real property described below.

4. The defendant, Chase Home Finance LLC, is joined as a party because it may claim an interest in the real property described below by virtue of a mortgage recorded with the Registry of Deeds for Southern Middlesex County, Massachusetts (the "Registry") at Book 28387, Page 152 on March 31, 1998. *See* Book 45733, Page 144; Book 45098, Page 228.

5. The defendant, Connecticut Attorneys Title Insurance Company ("CATIC"), is joined as a party because it may claim an interest in the real property described below.

6. The defendant, Waterfront Capital, LLC, is joined as a party because it may claim an interest in the real property described below by virtue of a money judgment recorded with the Registry at Book 74178, Page 347 on February 25, 2020.

7. The defendant, City of Melrose, Massachusetts, Assessment Department, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the real property described below (now or at the time of a judicial sale) and to place it on notice of this Court's jurisdiction over such real property such that any local tax liens that have priority over the federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied from the proceeds of a presumed judicial sale of the real property under this Court's authority, but that the real property may not be sold under any other available procedures during the pendency of this action.

8. The defendant, Massachusetts Department of Revenue, is joined as a party because it may claim an interest in the real property described below.

9. The real property upon which the United States seeks to enforce its federal tax

liens is located at 20 Cleveland Street, Melrose, Massachusetts, 02176 and has a legal description as follows:

> A certain parcel of land, with the buildings, situate in said Melrose and comprising lot numbered four (4) on a plan of house lots in Melrose belonging to the Atlas Real Estate and Building Company, dated April 1891, Walter C. Stevens, Surveyor and recorded with the Middlesex South District Registry of Deeds, Plan Book No. 67, Plan No. 26, and said parcel is bounded and described as shown on said plan as follows, to wit:
>
> | | |
> |---|---|
> | NORTHERLY | by lot numbered three (3) on said plan, forty-two and 2/100 (42.02) feet; |
> | NORTHEASTERLY | by lot numbered five (5) on said plan, seventy (70) feet; |
> | SOUTHEASTERLY | by Cleveland Street, ninety and 20/100 (90.20) feet; and |
> | WESTERLY | by Baxter Street, one hundred six and 43/100 (106.43) feet. |
>
> Said premises are conveyed subject to all encumbrances of record, if any, which are in force and applicable.
>
> Meaning and intending to convey and hereby conveying the same premises conveyed to us by deed of Barbara J. Allen dated August 27, 1993 recorded in Book 23589 Page 137.

(the "Melrose Property")

10. O'Connell and Colucci acquired title to the Melrose Property as tenants by the entirety by quitclaim deed dated March 31, 1998, which deed was recorded on March 31, 1998, with the Registry at Book 28387, Page 151.

## PRIOR CIVIL CASE

11. On May 31, 2012, the United States brought a civil action against O'Connell in this Court in Case No. 1:12-cv-10911 to reduce to judgment unpaid federal income tax assessments owed by him for tax years 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2007, and 2008.

12.     After O'Connell failed to plead or otherwise defend the action and his default having been entered, the Court, on December 26, 2012, entered judgment in favor of the United States and against O'Connell in the amount of $159,068.71, plus statutory additions and interest accruing from and after November 7, 2012, for his federal income tax assessments for tax years 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2007, and 2008. The total amount owed on the judgment with interest through August 1, 2025, is $278,608.90.

FEDERAL TAX LIENS AGAINST THE MELROSE PROPERTY

13.     A delegate of the Secretary of the Treasury made assessments against O'Connell for federal income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of August 1, 2025, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651, penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due as of 08/01/2025 |
|---|---|---|---|---|
| 12/31/1997 | 06/10/2002 | Tax | $17,338.00 | $27,757.57 |
| 12/31/1998 | 06/10/2002 | Tax | $16,567.00 | $32,605.46 |
| 12/31/1999 | 05/27/2002 | Tax | $22,763.00 | $23,739.46 |
| 12/31/2000 | 07/08/2002 | Tax | $14,405.00 | $20,469.83 |
| 12/31/2001 | 06/03/2002 | Tax | $16,603.00 | $ 378.17 |
| 12/31/2002 | 07/04/2005 | Tax | $19,978.00 | $85,528.42 |
| 12/31/2003 | 05/31/2004 | Tax | $16,324.00 | $47,443.60 |
| 12/31/2007 | 08/01/2011 | Tax | $12,003.00 | $34,602.25 |
| 12/31/2008 | 06/01/2009 | Tax | $ 3,017.00 | $ 6,084.14 |
|  |  |  | TOTAL | $278,608.90 |

14.     As of the date of this filing, O'Connell has neglected, refused, or failed to pay the liabilities described in paragraph 13, above, after notice and demand. Accordingly, federal tax

liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments described in paragraph 13, above, and attached to all property and rights to property belonging to him, then in existence or thereafter acquired, including the Melrose Property.

15. In accordance with 26 U.S.C. § 6323(f) a Notice of Federal Tax Lien ("NFTL") was recorded on December 13, 2005, with the Registry for tax years 1997-2001 and 2003 at Book 46651, Page 301 and for tax year 2002 at Book 46651, Page 304. For tax years 2007 and 2008, an NFTL was recorded on March 26, 2012, at Book 58749, Page 110.

16. On May 3, 2012, the NFTL for tax years 1997-2001 was refiled at Book 59023, Page 382, and the NFTL for tax year 2003 was refiled on July 31, 2013, at Book 62352, Page 79. The NFTL for tax year 2002 was refiled on March 2, 2015, at Book 64983, Page 468.

17. At various times prior to 2024, the liens (except for the one regarding tax year 2002) were erroneously released due to the failure to timely refile the NFTLs, but, on January 31, 2024, the IRS recorded three "Revocation of Certificate of Release of Federal Tax Lien" instruments ("Revocations"), one for tax years 1997-2001 and 2003, one for tax year 2003, and one for tax years 2007-2008. These were filed at Book 82448 Pages 208, 211, and 210, respectively.

18. Following the Revocations, a new NFTL for tax years 1997-2001, 2003, and 2007-2008 was filed on February 27, 2024, at Book 82516, Page 330. The new NFTL for the 2003 year was refiled timely on March 18, 2024, at Book 82576, Page 233.

<u>CATIC'S INTEREST IS JUNIOR TO<br>THAT OF THE UNITED STATES' INTEREST</u>

19. On August 8, 2003, CATIC filed a complaint against O'Connell in the Superior Court of Massachusetts for Middlesex County in Case No. 0381CV03289. On the same day, the court issued a writ of attachment against the Melrose Property and in favor of CATIC in the

amount of $264,000.00, which was recorded (also on the same day) with the Registry at Book 40389, Page 571.

20. On October 22, 2003, the court entered judgment for CATIC in the amount of $263,822.74, plus statutory interest. And on January 28, 2004, the court issued an Execution in favor of CATIC for $284,522.07.

21. In Massachusetts, an attachment of land pursuant to a judgment expires by operation of law at the end of six years from the date such attachment was recorded, unless, within that period, the attachment is "brought forward" with the registry of deeds. M.G.L.A. 223, s. 114A.

22. To bring forward an attachment, a written request must be made to the register of deeds in which the attachment was originally filed. *Id*.

23. On August 7, 2009, a day before the purported expiration of the writ of attachment, CATIC requested the Registry bring forward the attachment for an additional six years. This request was recorded with the Registry in Book 53358, Page 50.

24. On July 23, 2015, almost 6 years later, CATIC recorded the Execution with the Registry in Book 65778, Page 142, thereby purportedly extending the judgment lien until July 23, 2021.

25. As of the date of this filing, the records of the Registry do not show any other filings by CATIC with respect to the writ and the judgment.

26. Having failed to file the appropriate documentation with the Registry by July 23, 2021, as required by M.G.L.A. 223, § 114A, CATIC's attachment on the Melrose Property was extinguished by operation of law the next day. *See* M.G.L.A. 236, § 49A.

CLAIM AGAINST ALL PARTIES TO ENFORCE
THE FEDERAL TAX LIENS AGAINST THE MELROSE PROPERTY

27. The United States is entitled to enforce the federal tax liens described in paragraph 13, above, against the Melrose Property pursuant to 26 U.S.C § 7403 and to have it sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interest of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Melrose Property; second, to defendant, City of Melrose, Massachusetts, Assessment Department, to pay any real estate taxes due and owing that are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, 50% of the remaining proceeds to Colluci and up to 50% to the plaintiff, United States, to pay the liabilities described in paragraph 13, above, except to the extent the Court determines that another party has a superior right, title, claim, lien, or interest in the Melrose Property, with any excess to be distributed to O'Connell or such other creditor(s) of him as the Court determines to be entitled to such proceeds.

WHEREFORE, the plaintiff, United States of America, requests the following relief:

A. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph 13, above, on the Melrose Property;

B. An order enforcing the federal tax liens securing the liabilities described in paragraph 13, above, pursuant to 26 U.S.C. § 7403 against the Melrose Property by ordering the sale of the Melrose Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Melrose Property; second, to the defendant,

City of Melrose, Massachusetts, Assessment Department, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, 50% of the remaining proceeds to Colluci and up to 50% to the plaintiff, United States, to pay the liabilities described in paragraph 13, above, except to the extent the Court determines that another party has a superior right, title, claim, lien, or interest in the Melrose Property, with any excess to be distributed to O'Connell or such other creditor(s) of him as the Court determines to be entitled to such proceeds; and

    C.    The United States shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

UNITED STATES OF AMERICA
Plaintiff

/s/ Franklin Sandrea-Rivero

FRANKLIN D. SANDREA-RIVERO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044-0055
Tel: (202) 353-2121
Fax: (202) 532-3714
Franklin.Sandrea-Rivero@usdoj.gov

Of Counsel:

LEAH B. FOLEY
United States Attorney
District of Massachusetts